IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BEN MILBURN                                                                    PLAINTIFF

V.                          CASE NO. 3:15-CV-03033

JERRY F. KIRK; JOHN KIRK;
DAVID KIRK; and ROGER DAUGHERTY                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action concerns the removal to this Court of a quiet title action initiated by Plaintiff in the Circuit Court of Searcy County, Arkansas. The case is before me by referral for a determination of whether *in forma pauperis* status should be granted to separate Defendant, Jerry F. Kirk, on appeal. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal in forma pauperis (Doc. 13) be denied.

## I.  Background

On November 21, 2014, Plaintiff, Benjamin Milburn ("Milburn"), filed a petition in the Circuit Court of Searcy County, Arkansas, Second Division, seeking to quiet the title to two tracts of land situated in the County. (Doc. 4) Separate Defendant, Jerry F. Kirk ("Kirk"), was personally served with process by the Sheriff of Searcy County, Arkansas on December 22, 2014. (Doc. 5, pp. 1, 3-4) Kirk then filed a notice of removal, and a motion to proceed *in forma pauperis,* on May 26, 2015. (Docs. 1, 3) Milburn filed a Motion to Remand on May 28, 2015. (Doc. 5) In response, Kirk filed a pleading entitled "Motion to Dismiss Motion to Remand" (Doc. 7), which by Order entered on June 26, 2015, the Court ruled was not a proper motion and was therefore terminated; the Court, instead, construed Kirk's filing to be a response in opposition to Milburn's Motion to Remand. (Doc.

10)

In its Order entered on June 26, 2015, the Court stated:

"Here, it is evident that the Court lacks subject matter jurisdiction for the following reasons: (1) pursuant to 28 U.S.C. § 1332, neither complete diversity of citizenship nor the minimum amount in controversy of $75,000.00 are at issue; (2) the underlying lawsuit does not appear to involve a claim arising under the Constitution, laws, or treaties of the United States, within the meaning of 28 U.S.C. § 1331; (3) Kirk has failed to comply with the removal requirements of 28 U.S.C. § 1446(a), which provide that the removing party make a short and plain statement to the Court, detailing the grounds for removal; instead, Kirk has filed a 42-page Notice of Removal that fails to assert any valid grounds for this Court's jurisdiction; and (4) even if the Court were to assume that removal was predicated on § 1441(a), that particular statute requires that all defendants join in the removal action, and such has not occurred in this case; instead, Kirk filed the Notice of Removal on his own behalf, without first obtaining the consent of the three other co-defendants named in the state action." (Doc. 10, p. 2)

For those reasons, Milburn's Motion to Remand (Doc. 5) was granted by the Court, and the case was remanded to the Circuit Court of Searcy County, Arkansas. (Doc. 10, p. 3) All other pending Motions (Docs. 3, 6, 8) were denied as moot. (Doc. 10, p. 3)

On July 14, 2015, Kirk filed a pleading entitled "Federal Notice of Appeal to Appellate Court" (Doc. 12) and a Motion for Leave to Appeal in forma pauperis (Doc. 13). Kirk's Motion for Leave to Appeal in forma pauperis was referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1) and (3).

## II.  Discussion

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731  (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000)(internal citation omitted).

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any proceeding in which the movant seeks to proceed in forma pauperis. § 1915(e)(2)(A) requires the district court to

dismiss a case if it determines that the allegation of poverty is untrue. "The purpose of this provision is to 'weed out the litigants who falsely understate their net worth to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Id*. at 459. Congress' intent to remove economic barriers which might deny access to the federal courts is not furthered when a person intentionally disables his finances to take advantage of § 1915(a), and such a person commits a fraud on the Court as surely as the person who flagrantly understates his financial holdings. *See Murphy v. Jones*, 801 F.Supp. 283, 289 (E.D. Mo. 1992).

Further, 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provide that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

### A. Frivolousness

For the reasons set forth in the Court's Order entered on June 26, 2015 (Doc. 10), this Court determined that it lacks subject matter jurisdiction in this action. Kirk's Notice of Appeal adds nothing to that jurisdictional analysis, merely stating in vague and conclusory terms, that:

"This appeal is based on the following reasons:

A.  Violations of the United States Constitution.
B.  Violations of United States Laws made in pursuance of the United States Constitution.
C.  Possible and direct violations of Treaties (covenants).
D.  Failure to name proper parties.
E.  The amount in controversy 'far' exceeds the minimum required.
F.  A foreign subject to the State.
G.  A jury trial of peers has been denied." (Doc. 12, pp. 1-2)

Contrary to the requirements of § 1915(a)(1), Kirk fails to state any specific facts in support of these allegations; he does not state the specific nature of the appeal; and, he does not state his

-4-

belief that he is entitled to redress. He has not cited any legal authority to support his allegations. Vague and conclusory allegations, such as Kirk's, are frivolous on their face, and leave to proceed in forma pauperis has been properly denied in such circumstances. *See, e.g., Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Meadows v. Gibson*, 855 F.Supp. 223 (W.D.Tenn. 1994) (frivolousness of complaint precluded appeal in forma pauperis); *Price v. McFarland*, 133 Fed.Appx. 485 (10th Cir. 2005) (unpublished) (denial of leave to proceed on appeal in forma pauperis where plaintiffs made sweeping generalizations to describe their claims and they failed to set forth any specific, non-conclusory arguments explaining why the district court's rulings were erroneous).

Where, as here, the application for leave to appeal in forma pauperis fails to state the nature of the action, is not notarized, and fails to state the affiant's belief that he is entitled to redress, the application is facially deficient. *See Schweitzer v. Scott*, 469 F.Supp. 1017, 1018-19 (C.D. Cal. 1979). Kirk is, of course, proceeding *pro se*, and the Court does not hold him to the rigid standards applied to attorneys, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but even broadly read, Kirk's motion for leave to appeal in forma pauperis does not comply with the requirements of 28 U.S.C. § 1915.

As this Court does not have subject matter jurisdiction over this action, there is no basis for the Court to grant in forma pauperis status on appeal pursuant to 28 U.S.C. § 1915. *See Peretz v. Humphrey*, 86 F.Supp. 706 (M.D. Pa. 1949).

### B.  Inability to Pay

Kirk's Motion for Leave to Appeal in forma pauperis states that he is "unable to pay the costs, fees, County Circuit transcript costs, transportation costs to and from Fayetteville, Arkansas

or any over night housing needs if required by the attendance of this Court." (Doc. 13, p. 5) Even if in forma pauperis status were granted to Kirk, it would not cover such costs and expenses. *See, United States Marshals Service v. Means*, 724 F.2d 642, 646 (8th Cir. 1983) (28 U.S.C. § 1915 neither expressly nor implicitly authorizes the prepayment of witness fees and expenses for an indigent litigant); *Johnson v. Hubbard*, 698 F.2d 286, 290 n. 4 (6th Cir. 1983) (§ 1915 does not require government payment of witness fees and costs for indigent litigant); and, *Porter v. Dep't. of Treasury*, 564 F.3d 176 (3d Cir. 2009) (granting of in forma pauperis status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions).

Additionally, Kirk's Motion for Leave to Appeal in forma pauperis indicates that he has "about 5500.00," which he claims "belongs to THE FATHER," but which is "available [to Kirk] to make it through the year." His monthly expenses include "sojourner costs" of $60.00 per month for approximately two trips a month to town for supplies, approximately $120.00 per month for electric service, approximately $65.00 per month for telephone service, and $21.95 per month for satellite television service. Kirk fails to state who owns the telephone and television for which he pays for service, or whether he has possession of any other assets that "belong to THE FATHER." He does state that he "has no dependents other than THE LORDS animals and HIS LAND," and that he "receives all of his sustenance from the land at issue in this matter" which is "owned by THE FATHER In Heaven and HIS Only Begotten SON, THE CHRIST." (Doc. 13, p. 6)

Kirk conveyed the land in question, as well as another parcel described as "the part of the N1/2 of the NE1/4 of Section 30, northerly of County Rd. 255," to "the Father In Heaven and His Only Begotten Son, The Christ," by an In Truth Devoted Land Deed on December 12, 2007, and then

-6-

again on June 21, 2010, as part of his Last Will and Testament. (Doc. 1, pp. 32-33) Kirk's argument is that the true owners of the land in question, "THE FATHER and THE CHRIST," are not persons and are not citizens of Arkansas, and thus diversity jurisdiction exists. (Doc. 1, p. 4-5)  However, the requisites of a valid and enforceable deed of conveyance are that there be persons able to contract with for the purpose intended by the deed. *Buckeye Retirement Co., LLC., LTD. v. Walter*, 404 S.W.3d 173, 178 (Ark. Ct. App. 2012). It is essential that the grantee be a person, natural or artificial, capable of taking title at the time of the conveyance. *Id.* Kirk readily admits that "THE FATHER and THE CHRIST" are not persons. (Doc. 1, p. 5) The undersigned agrees with this contention; they are not persons readily capable of taking title. Thus, Kirk's conveyances to THE FATHER and THE CHRIST are inoperative, and Kirk remained seized of the land in question.

It appears to the undersigned that Kirk "intentionally disabled his finances" to avoid payment of real estate taxes, which eventually led to the tax forfeiture sale at the heart of Milburn's quiet title action in state court, and that Kirk now wishes to take advantage of § 1915(a) due to his "disabled finances." The undersigned views that as an abuse of § 1915(a). "The pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). *See also, Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (sanctions imposed pursuant to 28 U.S.C. § 1915(d) for false claims of indigency; false claims of no access to bank account and ownership of real property).

### III.  Conclusion

Accordingly, the undersigned recommends that Respondent's Motion for Leave to Appeal *in forma pauperis*  be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 21st day of July 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE